BLECKLEY AND FRETWELL v. SHIRLEY.

1. HOMESTEAD—TRIAL—NOTICE OF.—UNDER ACTS 1896, p. 191, questions raised by exceptions to return of commissioners in homestead must be tried by Court on testimony taken in open Court, and filing of exceptions is notice of trial.

2. IBID.—No facts here showing commissioners did not do their duty in laying off homestead.

3. IBID.—Two commissioners in homestead can make a valid return and assignment.

4. IBID.—Commissioners in homestead should set apart homestead in personalty as well as realty.

Before GARY, J., Anderson, October, 1899. Reversed.

Exceptions to commissioner's return as to homestead to defendant in Bleckley & Fretwell *v.* W. M. Shirley. From. order dismissing exceptions, defendant appeals.

*Mr. J. E. Breazeale,* for appellant, cites: *As to trial of exceptions:* 22 Stat., 191; 15 S. C., 539. *Docketing is notice of trial:* Code, 276.

*Mr. Joseph N. Brown,* also for appellant, cites: *Return of two appraisers not sufficient:* Rev. Stat., 2126; 22 Stat., 191; Rev. Stat., 1950. *As to notice of trial:* 22 Stat., 191; Code, 276. *Homestead can only be sold on trial of exceptions de novo:* 22 Stat., 193.

*Mr. J. L. Tribble,* contra, cites: *Exceptions were docketed on Cal. 2, and hence no notice of trial of issue of fact:* Code,. 276; 15 S. C., 540. *Return of two commissioners sufficient:* 28 S. C., 521. *No proof that commissioners failed to do duty:* 24 S. C., 207; 19 S. C., 111; Rich. Eq. Ca., 180; 5 S. C., 433.

June 27, 1900. The opinion of the Court was delivered by

MR. JUSTICE GARY. The record contains the following statement of facts: "The contest in this case grows out of the laying off a homestead for the defendant, appellant, W. M. Shirley, in real estate, and whether he was entitled to have his personal property set apart as exempted under the laws, and if two appraisers under appointment of the sheriff of three, defendant having refused to name an appraiser, could make a valid return, and especially if appellant's home-

stead could be divided so as to retain his home and sell the excess, whereas the two appraisers returned that the same could not be laid off without injury to the remainder, and, therefore, placed a valuation of $1,750, to which exceptions were filed, and at the hearing, the Court refused appellant an order of reference or the right of trial *de novo* in open Court on said exceptions, for want of affidavit and notice, when the appellant had his witnesses in Court ready for trial, and the case had been placed upon the calendar more than fourteen days previous to the sitting of the Court; whereupon the appellant gave notice of intention to appeal within ten days after the date of said order of the Court."

The appellant's exceptions allege error as follows: "I. Because his Honor erred in refusing to hear and pass upon defendant's exceptions to the return of the commissioners by trial *de novo* in open Court upon the testimony of the witnesses produced by the defendant, appellant. II. Because his Honor erred in holding want of notice of trial to plaintiff by affidavit or notice, when it is submitted that placing the case on the calendar fourteen days before the sitting of the Court was sufficient notice of trial. III. Because docketing the exceptions by appellant was sufficient notice of trial without affidavits or other notice of trial. IV. Because the return of commissioners shows that they did not perform their duty as required by the statute in laying off the homestead in kind and setting apart personalty exempt. V. Because two appraisers appointed by the sheriff cannot legally act so as to deprive the appellant of his homestead in kind. VI. Because said tract of land containing 116 acres, the commissioners should have called in a surveyor and exhausted all legal means for giving appellant his homestead in kind before recommending a sale. VII. Because the sheriff having levied on personal property, it was the duty of the commissioners to set apart appellant's personalty exempt from levy and sale, under execution."

We will consider the exceptions in their regular order.

*First exception.* It seems that the act of 1896, p. 191, was

overlooked when the case was tried in the Circuit Court. That act provides, "If exceptions to said return be filed by either creditor or debtor within thirty days after the filing thereof, the same shall be tried *de novo* upon testimony taken in open Court." This exception is sustained.

*Second and third exceptions.* The case of *Ex parte Ellis,* 20 S. C., 344, cited with approval in *Ex parte Ramsey,* 54 S. C., 517, decides that no further notice is required after filing exceptions to the return of the commissioners. These exceptions are sustained.

*Fourth exception.* There are no facts set out in the record tending to show that the commissioners did not perform their duty as required by the statute in laying off the homestead in kind. The question as to the personal property will be hereinafter considered in connection with the seventh exception.

*Fifth exception.* The case of *Bank* v. *Evans,* 28 S. C., 521, discusses this question at length and shows that the exception cannot be sustained.

*Sixth exception.* The record does not contain any facts enabling us to consider this exception.

*Seventh exception.* The law allows an exemption in personal as well as real property, and the commissioners in making their return should have taken into consideration the claim of homestead in the personalty. This exception is sustained.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for such further proceedings as may be necessary to carry out the views herein announced.